UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JERI-MICHEL DUNCAN,<br><br>  Plaintiff,<br><br>v.<br><br>BOYS & GIRLS CLUBS OF GREATER AUGUSTA, INC.,<br><br>  Defendant. | CIVIL ACTION FILE NO.<br>1:25-CV-013<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Ms. Jeri-Michel Duncan ("Plaintiff"), by and through her undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Boys & Girls Clubs of Greater Augusta, Inc. ("Defendant"), showing the following:

### I. NATURE OF COMPLAINT

1.  Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of her rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

### II. PARTIES

2.  Plaintiff is a resident of the State of Georgia, a citizen of the United States of

America, and is subject to the jurisdiction of this Court.

3. Defendant is a Domestic Nonprofit Corporation operating within the state of Georgia, with a principal place of business located at 624 Chafee Avenue, Augusta, Georgia 30904.

4. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, ℅ Kim Evans, 624 Chafee Avenue, Augusta, Georgia 30904.

5. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the ADA.

7. The majority of the events plead herein occurred in Richmond County, Georgia.

8. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Augusta Division of the Southern District of Georgia.

9. This action has been timely commenced.

10. Plaintiff exhausted all administrative remedies in this matter. Dismissal and

Notice of Rights, *Exhibit 1*.

11.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. FACTUAL ALLEGATIONS

12.  Defendant is now, and at all times relevant hereto, an employer subject to the ADA.

13.  Defendant is an organization that provides programs to disadvantaged youth in the Augusta, Georgia, area.

14.  Defendant employs approximately 100 employees.

15.  Plaintiff was employed by Defendant from January 2021 until her termination on or about December 7, 2023.

16.  At all times relevant to her claims, Plaintiff worked for Defendant as a Grant Writer and Program Resource Coordinator.

17.  During the events in question, Plaintiff reported to Ms. Kim Evans, Chief Executive Officer, and Mr. Jim Vinyard, Vice President of Development.

18.  In October 2022, Ms. Maria Henry, Vice President of Development, conducted an annual evaluation of Plaintiff's job performance.

19.  Plaintiff received a score indicating that she was "meeting expectations" in her role.

20.  A few months later, in March 2023, Ms. Henry conducted her second

evaluation of Plaintiff and this time, rated Plaintiff as "exceeding expectations."

21. As a result of Plaintiff's second evaluation, Defendant awarded Plaintiff a 3% merit-based pay increase.

22. Subsequent to the above evaluations, Ms. Henry departed from her employment with Defendant in April 2023.

23. Ms. Evans then resumed the role of acting Vice President of Development until Ms. Henry's replacement could be found.

24. During the interim, Plaintiff disclosed her medical condition to Ms. Evans on or about June 24, 2023, via email.

25. Specifically, Plaintiff revealed that she suffers from bipolar disorder and Attention-deficit/hyperactivity disorder ("ADHD").

26. Plaintiff explained that due to not having health coverage, she could not obtain her prescribed medication.

27. Plaintiff's symptoms, including sleeplessness and depression, were exacerbated while under Ms. Evans' leadership.

28. Ms. Evans responded three (3) days later, questioning Plaintiff's ability to perform her job satisfactorily, despite Plaintiff's prior positive performance evaluations.

29. In September 2023, Defendant hired Mr. Vinyard as Vice President of

Development, who subsequently conducted a performance evaluation of Plaintiff.

30. Mr. Vinyard's evaluation in September 2023 rated Plaintiff as "exceeding expectations," consistent with the October 2022 and March 2023 evaluations conducted by Ms. Henry.

31. On October 26, 2023, Ms. Evans placed Plaintiff on an unjustifiable Performance Improvement Plan ("PIP") with a completion deadline of December 4, 2023, despite Plaintiff's recent positive performance evaluations.

32. The PIP caused Plaintiff significant stress and anxiety, exacerbating her ongoing medical conditions and disabilities.

33. Following the implementation of the PIP, Ms. Evans ceased responding to Plaintiff's emails and phone calls in a timely manner and excluded Plaintiff from important team meetings

34. On or about November 15, 2023, Plaintiff reported her concerns to Defendant's Human Resources Department, citing the unwarranted PIP and alleging disability discrimination.

35. Plaintiff had an objectively reasonable belief that discrimination was occurring within the workplace.

36. Defendant did not investigate Plaintiff's claims of unlawful discrimination and retaliation.

37. Instead, on December 7, 2023, Defendant terminated Plaintiff's employment, citing poor performance as the reason, despite documented evidence to the contrary.

38. Plaintiff's position was subsequently filled by a non-disabled individual, Ms. Jackie Wilkerson.

39. Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2024-02710.

40. Plaintiff received her Dismissal and Notice Rights from the EEOC, dated October 18, 2024.

## V. CLAIMS FOR RELIEF

### COUNT I: ADA DISCRIMINATION

41. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

42. Plaintiff is a qualified individual with a disability.

43. Defendant was aware of Plaintiff's disability.

44. After Plaintiff disclosed her disability to Defendant, Defendant questioned her work performance and placed her on a PIP, both adverse actions.

45. Plaintiff thereafter complained of disability discrimination to Defendant.

46. Defendant was aware of Plaintiff's protected complaints.

47. Plaintiff then suffered the adverse action of termination.

48. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

49. Defendant's reasons for the adverse actions against Plaintiff are pretextual.

50. Plaintiff suffered damages as a result of Defendant's discrimination, for which she is entitled to recovery pursuant to the ADA.

## COUNT II: ADA RETALIATION

51. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

52. Plaintiff is a qualified individual with a disability.

53. Defendant was aware of Plaintiff's disability.

54. After Plaintiff disclosed her disability to Defendant, Defendant questioned her work performance and placed her on a PIP.

55. Plaintiff thereafter complained of disability discrimination to Defendant, a protected activity.

56. Plaintiff had an objectively reasonable belief that discrimination was occurring within the workplace.

57. Defendant was aware of Plaintiff's protected complaints.

58. Plaintiff then suffered the adverse action of termination.

Case 1:25-cv-00013-JRH-BKE   Document 1   Filed 01/16/25   Page 8 of 11

59. Defendant has no legitimate business reasons for the adverse action against Plaintiff.

60. Defendant's reasons for the adverse action against Plaintiff are pretextual.

61. Plaintiff suffered damages as a result of Defendant's retaliation, for which she is entitled to recovery pursuant to the ADA.

8.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grants the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 16th day of January 2025.

>THE KIRBY G. SMITH LAW FIRM, LLC
>
>s/Amanda M. Brookhuis
>Amanda Brookhuis
>Georgia Bar No. 601396
>Kirby G. Smith
>Georgia Bar No. 250119
>*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (678) 379-7945
amb@kirbygsmith.com

10.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 16th day of January 2025.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        *Attorney for Plaintiff*

11.